UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION<br>1200 K Street, N.W.<br>Washington, DC 20005-4026,<br><br>     Plaintiff,<br><br>    v.<br><br>CARTER BROADCASTING, INC.<br>20 Park Plaza, Suite 720<br>Boston, MA 02116,<br><br>  and<br><br>KENNETH R. CARBERRY<br>20 Park Plaza, Suite 720<br>Boston, MA 02116,<br>     Defendants. | Civil Action No. _____<br><br>**04 10496 MLW**<br><br>MAGISTRATE JUDGE Cohen<br><br>RECEIPT #_____<br>AMOUNT $ N/A<br>SUMMONS ISSUED yes<br>LOCAL RULE 4.1____<br>WAIVER FORM____<br>MCF ISSUED____<br>BY DPTY. CLK. ____<br>DATE 3-11-04 |

**COMPLAINT**

**Summary of Action**

Plaintiff, the Pension Benefit Guaranty Corporation ("PBGC"), an agency of the United States government, brings this action, pursuant to 29 U.S.C. § 1303(c) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1301-1461 (2000 & Supp. I 2001), for an order requiring defendants, Carter Broadcasting, Inc. ("Carter Broadcasting"), and Kenneth R. Carberry, to appear before this court and produce certain documents as required by an administrative subpoena duly issued by PBGC and served on Mr. Carberry on December 12, 2003 ("Subpoena"). A copy of the Subpoena is attached as Exhibit A.

## Jurisdiction And Venue

1. This court has jurisdiction over this proceeding pursuant to 29 U.S.C. § 1303(c).

2. Venue for this proceeding is proper in this district pursuant to 29 U.S.C. § 1303(c).

## Parties

3. PBGC is a federal agency and a wholly-owned United States Government corporation established under 29 U.S.C. § 1302(a), to administer and enforce the provisions of the pension plan termination insurance program created by Title IV of ERISA. PBGC has authority under 29 U.S.C. § 1303(a) to make such investigations as it deems necessary to administer and enforce any provision of Title IV of ERISA, or any rule or regulation thereunder.

4. PBGC regulates the termination of fully funded plans in a "standard" termination under 29 U.S.C. § 1341(b), to ensure compliance with the requirements of Title IV of ERISA. Section 4003(a) of ERISA provides that PBGC "shall annually audit a statistically significant number of plans" terminating under § 1341(b), and determine whether the participants and beneficiaries have received their benefits. 29 U.S.C. § 1303(a).

5. Upon information and belief, defendant Carter Broadcasting is a Massachusetts corporation whose principal place of business is in Boston, Massachusetts.[1] Carter Broadcasting was a contributing sponsor of the Carter Broadcasting, Inc. Defined Benefit Plan, (the "Plan") within the meaning of 29 U.S.C. § 1301(a)(13).

---

[1] Upon information and belief, Carter Broadcasting was incorporated in the County of Suffolk, State of Massachusetts, on December 15, 1977.

2

6. Upon information and belief, defendant Kenneth R. Carberry is the Plan Administrator of the Plan within the meaning of 29 U.S.C. 1301(a)(1) and 1002(16), and acted as an agent[2] of Carter Broadcasting in that capacity.

## Background to Issuance of the Subpoena

7. The Plan was established effective January 1, 1993, to provide pension benefits for certain of Carter Broadcasting's employees. The Plan covered approximately 24 participants.

8. The Plan was a tax-qualified, single-employer defined benefit pension plan that was covered by Title IV of ERISA. See 29 U.S.C. § 1321.

9. On or about June 4, 2001, Carter Broadcasting filed with PBGC a notice of intent to terminate the Plan in a standard termination pursuant to 29 U.S.C. § 1341(b). The proposed termination date of the Plan was July 5, 2001.

10. The Plan was terminated effective July 5, 2001, and its assets were distributed to participants or their beneficiaries of the Plan from on or about August 31, 2001 through October 26, 2001. Participants' benefits were distributed in the form of lump sum distributions.

11. On or about July 15, 2003, following distribution of the assets of the Plan, PBGC notified the defendants that the Plan had been selected for a post-distribution audit pursuant to 29 U.S.C. § 1303(a). PBGC also requested that Mr. Carberry, as the Plan Administrator, provide certain information relevant to PBGC's audit of the Plan, requiring submission by August 15, 2003.

---

[2] Upon information and belief, Mr. Carter is the president and owner of Carter Broadcasting.

3

12. On or about September 12, 2003, a second request was made to Mr. Carberry as the Plan Administrator, requiring that the information be submitted by September 26, 2003.

13. On or about October 29, 2003, a third request was made to Mr. Carberry as the Plan Administrator, requiring that the information be submitted by November 6, 2003.

14. PBGC has been unable to obtain information necessary to complete its audit.

15. Upon information and belief, Mr. Carberry, as the Plan Administrator, President and owner of Carter Broadcasting, has possession of, control over, or custody of the documents sought by PBGC and relevant to its investigation.

## Issuance and Service of the Subpoena

16. On or about December 12, 2003, and pursuant to 29 U.S.C. § 1303(b), PBGC issued the Subpoena. The Subpoena directed Mr. Carberry to produce specified documents at PBGC offices in Washington, D.C., within 15 days of service of the Subpoena.

17. The documents described in the Subpoena are relevant and material to PBGC's investigation.

18. PBGC served the Subpoena by certified mail - return receipt requested, which was received by Jordan Rich, an agent of Carter Broadcasting. A copy of the certified mail - return receipt as proof of service is attached as Exhibit B.

19. To date, defendants have failed to produce any documents or information in response to the Subpoena.

4